LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway Ste B
Hauppauge, New York 11788
Tel. (631) 257-5588
PRomero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANDREA BRYAN,

                    Plaintiff,              **COMPLAINT**

     -against-

                                        *Jury Trial Demanded*

COMMACK UNION FREE SCHOOL DISTRICT,

                    Defendant.
-------------------------------------------------------------X

       Plaintiff, ANDREA BRYAN, by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, alleges as follows:

## NATURE OF THE ACTION

       1.    This case is brought for a money judgment for punitive, compensatory and emotional damages suffered by Andrea Bryan ("Plaintiff") as a result of racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  This action seeks redress pursuant to Section 1983 of the Civil Rights Act of 1866, 42 U.S.C. § 1983 ("Section 1983") for the deprivation of Plaintiff's civil rights and for Defendant's violation of the substantive rights afforded Plaintiff under 42 U.S.C. § 1981 ("Section 1981").

       2.    Plaintiff seeks injunctive and declaratory relief, compensatory damages, punitive damages, attorneys' fees and other appropriate relief.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

4.      Venue is proper within this judicial district because Defendant resides within the Eastern District of New York and a substantial part of the events or omissions giving rise to the claim occurred within this district.

5.      Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") under Charge Number 520-2017-04828.   The EEOC issued a notice of dismissal and Right to Sue, dated September 21, 2018. Plaintiff commenced this action within ninety days of September 21, 2018.

## THE PARTIES

6.      Plaintiff is a black female of Caribbean descent.

7.      Defendant, COMMACK UNION FREE SCHOOL DISTRICT ("Defendant" or "the District"), is an employer as defined by Title VII.

## FACTUAL ALLEGATIONS

8.      Defendant is a school district located in Suffolk County, New York consisting of four primary schools, two intermediate schools, one middle school and one high school.  It serves approximately 7,800 students.

9.      Plaintiff is certified by New York State as an English Teacher and has over fifteen years of classroom experience.  She earned a Bachelor of Arts in English and her Master of Arts in Secondary English Education from the State University of New York at Albany.

10.     Prior to being employed with Defendant, Plaintiff was employed as a full-time tenured English teacher within the Nanuet Union Free School District at the middle and high school levels from 1996 to 2002.

11.     From 2002 through present, Plaintiff has been employed with Defendant as a tenured Secondary English Teacher at the high school level.

12.     For some 17 years, Plaintiff was the only black teacher in the entire school district.

13.     Plaintiff has been discriminated against and harassed by teachers and students based on her race since she made a complaint about the English Department Lead Teacher after he made a particularly vile and opprobrious remark that caused her severe embarrassment and humiliation.

14.     The Lead Teacher, Phillip Cicione, who is white, had previously made racially derogatory comments to Plaintiff.  For example, during the prior school year, there were bags of peanuts on the table in the English office at lunch time.  Plaintiff asked Cicione if she could take a bag of peanuts and he replied that the food on the table was "*for whites only*."  Plaintiff reported Cicione's remark to his supervisor.

15.     The English curriculum included Arthur Miller's play, *The Crucible*, which featured the character of Tituba, an enslaved black woman who traveled to the U.S. from Barbados. In May 2015, Cicione mocked Plaintiff in the presence of her colleagues by asking her to translate Tituba's "*slave talk*."  Cicione asked Plaintiff, "*Andrea, can you translate slave talk for me*?"  He specifically asked Plaintiff to "speak" her Barbados. Plaintiff was humiliated, degraded and embarrassed by Cicione's remark.

16.     Plaintiff made an official complaint about Cicione's remark.  Cicione, who is very popular among the other teachers in the English Department, was demoted.  Thereafter, Plaintiff was ostracized and made a pariah within the Department.

17.     By way of example only, when Plaintiff raised her hand to ask a question at a professional development training in 2015, the teacher leading the training, Dana McNeil, refused

to acknowledge Plaintiff's question. As Plaintiff was leaving the training, she heard teachers congratulating McNeill for having the "*balls*" not to speak to her.

18.     In September 2017, a racially disparaging poster depicting a Caribbean black male with dreadlocks was posted in the English office.  Plaintiff complained about the offensive poster to the principal, Leslie Boritz.

19.     In December 2017, a colleague presented Plaintiff with bottle of hand sanitizer at a Secret Santa run by McNeil.  The established monetary amount for gifts in the Secret Santa was $50.00 and all of the other teachers were presented with personal gifts of appropriate value. Plaintiff understood that she was presented with hand sanitizer because she is black and, therefore, dirty in view of her colleagues.  The showy spectacle was intended to, and did, cause Plaintiff great humiliation and embarrassment.

20.     Plaintiff regularly contributes to the Sunshine Fund, a faculty-supported fund that recognizes special occasions for faculty members or provides support during difficult times, such as an illness or death in the family, by sending a gift, floral arrangement, sympathy card, get well card, or other expression of support.  On February 5, 2017, Plaintiff was involved in a serious accident.  Plaintiff's colleagues elected not to send her any card or flowers.

21.     Although Plaintiff is a senior teacher in the English Department, she was denied a dedicated classroom, a privilege that had been afforded many white junior teachers.

22.     Defendant denied Plaintiff an opportunity to attain Baccalaureate certification on the same terms and conditions as her white colleagues.

23.     The District has fostered an atmosphere of racial harassment and intimidation by exhibiting a deliberate indifference to the known harassment of Plaintiff.  She has been subject to insult and ridicule.

24.     In October 2009, one of Plaintiff's students came to school in blackface dressed as Aunt Jemima.   Historically, blackface was used by white performers in minstrel shows that mockingly portrayed blacks in a dehumanizing manner. It is a symbol of Jim Crow racism.   The Aunt Jemima Pancake Syrup logo depicts a "mammy," a racial caricature of "a devoted and submissive plantation slave who eagerly nurtured the children the children of her white master and mistress" that was offered as proof that black women were happy as slaves. [1]

25.     In Spring 2016, one of Plaintiff's students asked Plaintiff, "*Do you remember Aunt Jemima*?"   The following week the student shouted at Plaintiff in the cafeteria, "*Aunt Jemima*!" Plaintiff reported the incident to Dean Courtney Palazzo and asked the administration to remove the student from her class.   Defendant permitted the student to remain in Plaintiff's class.   For the remainder of the year, the student sneered at Plaintiff daily and exhibited disdain for her.

26.     On June 8, 2017, students mocked and taunted Plaintiff by exclaiming, "*Hey, look, it's Aunt Jemima*!" Plaintiff was greatly humiliated, embarrassed and degraded by the laughing students.   Later that day, as Plaintiff was walking in the hallway, a student yelled, "*There goes Aunt Jemima*!"   Plaintiff reported both incidents to Principal Boritz.

27.     On Friday, October 28, 2017, students mocked Plaintiff asking, "*Do you have any maple syrup?*" The taunting question harkened back to the pejorative Aunt Jemima.   Plaintiff was humiliated, embarrassed and degraded by the students.   Plaintiff left work after the incident and did not return to work until Tuesday because she feared for her safety.   Plaintiff reported the incident to Principal Boritz.   The District failed to take appropriate remedial action.

---

[1] https://www.nytimes.com/roomfordebate/2015/06/24/besides-the-confederate-flag-what-other-symbols-should-go/can-we-please-finally-get-rid-of-aunt-jemima

28.     The racial jeers, insults, and taunts described herein created a hostile work environment in which Plaintiff feared for her safety at work.

29.     The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work and made it more difficult for her to perform her job.

30.     Despite Plaintiff's complaints, the District failed to take appropriate remedial or corrective action and as a result the discriminatory and harassing conduct has continued unabated.

## FIRST CLAIM FOR RELIEF
## TITLE VII RACE DISCRIMINATION

31.     Plaintiff repeats and realleges each and every allegation contained herein.

32.     Plaintiff has been discriminated against by Defendant on the basis of her race in violation of Title VII.

33.     The harassment of Plaintiff was so distracting that it interfered with Plaintiff's ability to work and made it more difficult for her to perform her job.

34.     The harassment to which Plaintiff was subjected was such that a reasonable employee would find the conditions of her employment altered for the worse.

35.     As a proximate result of the racial discrimination, Plaintiff has suffered and continues to suffer mental and emotional distress, pain and suffering, embarrassment and humiliation and mental anguish.

## SECOND CLAIM FOR RELIEF
## SECTION 1983 RACE DISCRIMINATION

36.     Plaintiff repeats and realleges each and every allegation contained herein.

37.     Plaintiff has been subject to harassment and discrimination because of her race in violation of the Equal Protection Clause of the Fourteenth Amendment and in violation of Section 1981 of the Civil Rights Act of 1866.

.

38.     Defendant exhibited deliberate indifference to Plaintiff's complaints of racial harassment and discrimination.

39.     Defendant's failure to take appropriate remedial action contributed to a hostile work environment.

40.     As a proximate result of the racial discrimination, Plaintiff has suffered and continues to suffer mental and emotional distress, pain and suffering, embarrassment and humiliation and mental anguish.

**WHEREFORE**, Plaintiff demands judgment against Defendant and that the Court enter an award in favor of Plaintiff:

(i)     Declaring the acts and practices complained of herein are in violation of the Civil Rights Act;

(ii)    Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(iii)   Punitive damages;

(iv)    Attorneys' fees, costs and disbursements; and

(v)     Such other and further relief as this Court may deem just and proper.

Dated: Hauppauge, New York
       December 19, 2018

LAW OFFICE OF PETER A. ROMERO PLLC

By:     */s/ Peter A. Romero*
        _____
        Peter A. Romero, Esq.
        825 Veterans Highway Ste. B
        Hauppauge, New York 11788
        Tel. (631) 257-5588
        PRomero@RomeroLawNY.com

        *Attorneys for Plaintiff*