

534 BROADHOLLOW ROAD, SUITE 210
PO BOX 9034
MELVILLE, NY 11747-9034
(631) 694.2300 • FAX: (631) 694.2309

SERVICE BY FAX, EMAIL OR OTHER FORMS OF
ELECTRONIC COMMUNICATION NOT ACCEPTED

MATTHEW J. MEHNERT
PARTNER

DIRECT DIAL: (631) 414.5856
DIRECT FAX: (631) 454.3867
MJM@LAMBBARNOSKY.COM

April 15, 2019

**By ECF**

Hon. Roslynn R. Mauskopf, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    Bryan v. Commack UFSD, et al.
               Docket No.: 18-cv-07249 (RRM)(PK)

Dear Judge Mauskopf,

      This office is counsel to Defendants Commack Union Free School District (the "District"), Donald James and Leslie Boritz (collectively, the "Defendants") in the above-entitled action.

      On February 25, 2019, prior counsel for the District sought the Court's permission to file a motion to dismiss the complaint in this action. Thereafter, Plaintiff amended the complaint and added the individual Defendants. On March 13, 2019, the District, through prior counsel, reiterated its intent to file a pre-answer motion to dismiss the now amended complaint.

      Having been substituted for prior counsel for Defendants, we submit this letter to amplify the District's position in advance of the April 18, 2019 pre-motion conference scheduled before Your Honor, and for the purpose of allowing the individual Defendants to join in the request for leave to file a motion to dismiss.

**Plaintiff's Title VII Claim**

      Plaintiff's Title VII claim is asserted solely against the District. As set forth in prior counsel's February 25, 2019 letter, any claims with regard to allegedly adverse employment actions pre-dating 300 days before the filing of a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") are time barred. To date, the District has still

LAMB & BARNOSKY, LLP

Hon. Roslynn Mauskopf, U.S.D.J.
April 15, 2019
Page 2

---

not received a copy of the charge of discrimination,[1] so as to establish the cut-off date for statute of limitations purposes. Moreover, the District has not yet been able to determine if Plaintiff is raising new claims not previously asserted in the charge of discrimination, which would constitute additional grounds for dismissal. Nothing in the amended complaint changes this analysis and the District re-asserts its request to move to dismiss on this ground, although with the correct statute of limitations, which is not measured, as previously asserted, based upon the issuance of a right-to-sue notice by EEOC, but rather from the filing of the charge of discrimination.

With regard to the hostile work environment claim, the District reiterates its position that the amended complaint fails to state a claim for relief because it fails to aver a work environment that is sufficiently severe or pervasive to withstand a motion to dismiss.

## Plaintiff's § 1983 Claim

Plaintiff's second cause of action is asserted against the Defendants pursuant to 42 U.S.C. § 1983. The individual Defendants specifically join in the request initially made by the District for permission to make a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because the amended complaint fails to state a claim for relief as against them.

The Defendants maintain that any claim based upon conduct occurring before December 19, 2015 is time barred.

Moreover, Plaintiff has not set forth any adverse employment action which she has suffered and that would support her Equal Protection claim pursuant to § 1983. In the absence of any adverse employment action, Plaintiff's claim must fail.

Finally, Plaintiff's effort to assert the existence of municipal policy, custom or practice through the premise of so-called deliberate indifference by the individual Defendants falls woefully short of the pleading standard in this Court. As this Court reiterated in *McLeod v. Llano*, 2019 WL 1129429, at *5 (E.D.N.Y. Mar. 12, 2019), a deliberate indifference claim requires Plaintiff to allege that "the supervisor was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed." Plaintiff's conclusory allegations that the individual Defendants did not provide training to co-workers or students does not meet this high pleading standard.

With regard to the alleged failure to provide training to students, Plaintiff's assertion that students should have been given training in response to various alleged incidents of racial insensitivity is belied by Education Law § 3214, which sets forth the types of discipline

---

[1] The undersigned has contacted the EEOC and anticipates receipt of same in the near future. Plaintiff, however, could provide a copy of the charge to the District so as to resolve this issue.

LAMB & BARNOSKY, LLP

Hon. Roslynn Mauskopf, U.S.D.J.
April 15, 2019
Page 3

---

appropriate for student misconduct. Absent parental consent, which Plaintiff does not and could not allege, racial sensitivity training could not be mandated pursuant to that statute.

For each of these additional reasons, the Defendants seek the Court's permission to file a motion to dismiss the amended complaint.

Finally, consistent with Your Honor's Individual Rules, Defendants respectfully request an extension of time to file an answer, and ask that the Court consider the filing of this letter timely service of the requested motion to dismiss pursuant to Fed. R. Civ. P. 12(a).[2]

Very truly yours,

*Matthew J. Mehnert / JS*

Matthew J. Mehnert

cc:   Peter Romero, Esq.

---

[2] Consistent with Judge Azrack's Individual Rules, the District's previously filed pre-motion conference letters constituted timely service of the intended dispositive motion under Fed. R. Civ. P. 12, which, in turn, extended its time to file a responsive pleading.