UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ANDREA BRYAN,

                          Plaintiff,

    -against-

COMMACK UNION FREE SCHOOL
DISTRICT, DONALD JAMES AND LESLIE
BORITZ,

                         Defendants.
------------------------------------------------------------ X

Docket No. 18-cv-07249
(RRM)(PK)

**DEFENDANTS' ANSWER**

        Defendants Commack Union Free School District, Donald James and Leslie Boritz, by their attorneys, Lamb & Barnosky, LLP, as and for their Answer to Plaintiff's Second Amended Complaint, allege as follows:

### ANSWERING PLAINTIFF'S ALLEGATIONS REGARDING THE NATURE OF THE ACTION

        1.    Deny the truth of the allegations set forth in paragraph 1 of the Second Amended Complaint, except admit that the Second Amended Complaint alleges what it alleges.

        2.    Deny the truth of the allegations set forth in paragraph 2 of the Second Amended Complaint, except admit that the Second Amended Complaint alleges what it alleges.

### ANSWERING PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION AND VENUE

        3.    Admit the truth of the allegations set forth in paragraph 3 of the Second Amended Complaint.

        4.    Admit the truth of the allegations set forth in paragraph 4 of the Second Amended Complaint.

5. Admit the truth of the allegations set forth in paragraph 5 of the Second Amended Complaint.

## ANSWERING PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES

6. Deny having knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Second Amended Complaint.

7. Admit the truth of the allegations set forth in paragraph 7 of the Second Amended Complaint.

8. Admit that Dr. Donald James became Superintendent of the District in July 2010, has remained the Superintendent through the date of this response, and otherwise deny the allegations set forth in paragraph 8 of the Second Amended Complaint.

9. Admit that Leslie Boritz became the Principal of Commack High School on July 1, 2016, has remained the Principal through the date of this response, and otherwise deny the allegations set forth in paragraph 8 of the Second Amended Complaint.

## ANSWERING PLAINTIFF'S FACTUAL ALLEGATIONS

10. Admit the truth of the allegations set forth in the first sentence of paragraph 10 of the Second Amended Complaint. Deny the truth of the allegations set forth in the second sentence of paragraph 10 of the Second Amended Complaint.

11. Admit the truth of the allegations set forth in paragraph 11 of the Second Amended Complaint.

12. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 of the Second Amended Complaint.

13. Deny the truth of the allegations set forth in paragraph 13 of the Second Amended Complaint, except admit that Plaintiff has been employed as a teacher in the District since 2002.

14. Deny the truth of the allegations set forth in paragraph 14 of the Second Amended Complaint.

15. Deny the truth of the allegations set forth in paragraph 15 of the Second Amended Complaint.

16. Deny the truth of the allegations set forth in paragraph 16 of the Second Complaint.

17. Deny the truth of the allegations set forth in paragraph 17 of the Second Amended Complaint, except admit that Plaintiff previously complained that Phillip Cicione made inappropriate remarks in the workplace and that the District concluded that Cicione had made certain inappropriate remarks in the workplace for which he was disciplined.

18. Deny the truth of the allegations set forth in paragraph 18 of the Second Amended Complaint, except admit that Cicione made inappropriate remarks in the workplace.

19. Deny the truth of the allegations set forth in paragraph 19 of the Second Amended Complaint.

20. Admit the truth of the allegations set forth in paragraph 20 of the Second Amended Complaint.

21. Deny the truth of the allegations set forth in paragraph 21 of the Second Amended Complaint.

22. Deny the truth of the allegations set forth in paragraph 22 of the Second Amended Complaint.

23. Deny the truth of the allegations set forth in paragraph 23 of the Second Amended Complaint, except admit that, as a result of his misconduct, Cicione was, among other things, demoted from his lead teacher position.

24. Deny the truth of the allegations set forth in paragraph 24 of the Second Amended Complaint.

25. Deny the truth of the allegations set forth in paragraph 25 of the Second Amended Complaint.

26. Deny the truth of the allegations set forth in paragraph 26 of the Second Amended Complaint, except admit that Plaintiff complained to Boritz about a poster in the English Department office, which was promptly removed.

27. Deny the truth of the allegations set forth in paragraph 27 of the Second Amended Complaint.

28. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 28 of the Second Amended Complaint, except admit that an incident took place in which a student came to school in "black face" dressed as "Aunt Jemima," for which the student was disciplined.

29. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 29 of the Second Amended Complaint, including with regard to the footnote referenced therein.

30. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 30 of the Second Amended Complaint, including with regard to the footnote referenced therein.

31. Deny the truth of the allegations set forth in paragraph 31 of the Second Amended Complaint.

32. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first two sentences of paragraph 32 of the Second Amended

Complaint. Deny the truth of the allegations set forth in the last sentence of paragraph 32 of the Second Amended Complaint.

33. Deny the truth of the allegations set forth in paragraph 33 of the Second Amended Complaint.

34. Deny the truth of the allegations set forth in paragraph 34 of the Second Amended Complaint.

35. Deny the truth of the allegations set forth in paragraph 35 of the Second Amended Complaint, except admit that Plaintiff reported an incident on June 8, 2017 in which a student referred to her as "Aunt Jemima."

36. Deny the truth of the allegations set forth in paragraph 36 of the Second Amended Complaint.

37. Deny the truth of the allegations set forth in paragraph 37 of the Second Amended Complaint.

38. Deny the truth of the allegations set forth in paragraph 38 of the Second Amended Complaint.

39. Deny having knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 39 of the Second Amended Complaint, except admit that Plaintiff reported an incident on October 18, 2017 in which a student asked her if she had "maple syrup."

40. Deny the truth of the allegations set forth in paragraph 40 of the Second Amended Complaint, except admit that Plaintiff reported an incident on October 18, 2017 in which a student asked her if she had "maple syrup."

41. Deny the truth of the allegations set forth in paragraph 41 of the Second Amended Complaint.

42. Deny the truth of the allegations set forth in paragraph 42 of the Second Amended Complaint.

43. Deny the truth of the allegations set forth in paragraph 43 of the Second Amended Complaint.

44. Deny the truth of the allegations set forth in paragraph 44 of the Second Amended Complaint.

45. Deny the truth of the allegations set forth in paragraph 45 of the Second Amended Complaint.

46. Deny the truth of the allegations set forth in paragraph 46 of the Second Amended Complaint, except admit that James is the Superintendent of Schools of the District and charged with all duties and responsibilities set forth in the Education Law for that position.

47. Deny the truth of the allegations set forth in paragraph 47 of the Second Amended Complaint.

48. Deny the truth of the allegations set forth in paragraph 48 of the Second Amended Complaint.

49. Deny the truth of the allegations set forth in paragraph 49 of the Second Amended Complaint.

50. Deny the truth of the allegations set forth in paragraph 50 of the Second Amended Complaint.

51. Deny the truth of the allegations set forth in paragraph 51 of the Second Amended Complaint.

52. Deny the truth of the allegations set forth in paragraph 52 of the Second Amended Complaint.

53. Deny the truth of the allegations set forth in paragraph 53 of the Second Amended Complaint.

54. Deny the truth of the allegations set forth in paragraph 54 of the Second Amended Complaint.

55. Deny the truth of the allegations set forth in paragraph 55 of the Second Amended Complaint.

56. Deny the truth of the allegations set forth in paragraph 56 of the Second Amended Complaint.

57. Deny the truth of the allegations set forth in paragraph 57 of the Second Amended Complaint.

58. Deny the truth of the allegations set forth in paragraph 58 of the Second Amended Complaint.

59. Deny the truth of the allegations set forth in paragraph 59 of the Second Amended Complaint.

### ANSWERING PLAINTIFF'S FIRST CLAIM FOR RELIEF AGAINST THE DISTRICT FOR TITLE VII RACE DISCRIMINATION

60. Repeat and re-allege each of the responses set forth in paragraphs 1 through 59 above as if fully set forth herein.

61. Deny the truth of the allegations set forth in paragraph 61 of the Second Amended Complaint.

62. Deny the truth of the allegations set forth in paragraph 62 of the Second Amended Complaint.

63. Deny the truth of the allegations set forth in paragraph 63 of the Second Amended Complaint.

64. Deny the truth of the allegations set forth in paragraph 64 of the Second Amended Complaint.

### ANSWERING PLAINTIFF'S SECOND CLAIM FOR RELIEF AGAINST THE DISTRICT, JAMES AND BORITZ FOR SECTION 1983 RACE DISCRIMINATION

65. Repeat and re-allege each of the responses set forth in paragraphs 1 through 64 above as if fully set forth herein.

66. Deny the truth of the allegations set forth in paragraph 66 of the Second Amended Complaint.

67. Deny the truth of the allegations set forth in paragraph 67 of the Second Amended Complaint.

68. Deny the truth of the allegations set forth in paragraph 68 of the Second Amended Complaint.

69. Deny the truth of the allegations set forth in paragraph 69 of the Second Amended Complaint.

70. Deny the truth of the allegations set forth in paragraph 70 of the Second Amended Complaint.

71. Deny that Plaintiff is entitled to any of the relief claimed in the "WHEREFORE" paragraph of the Second Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred, in whole or in part, by operation of the applicable statute of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, by reason of her failure to exhaust available administrative remedies.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

75. The Second Amended Complaint is barred as against Defendants James and Boritz based upon application of the doctrine of qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims must be dismissed in accordance with *Faragher v. City of Boca Raton*, 118 S.Ct. 2275 (1998) and *Burlington Industries, Inc. v. Ellerth*, 118 S.Ct. 2257 (1998), and their progeny.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

77. Plaintiff's request for punitive damages is barred as against the Commack Union Free School District.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

78. Plaintiff's claim for damages is barred, in whole or in part, due to her failure to mitigate damages.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred because the Defendants took prompt remedial action with regard to all complaints of which it knew or had reason to know about.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

80.  Defendants conduct did not violate any rights, privileges or immunities under the constitution or laws of the United States.

WHEREFORE, Defendants Commack Union Free School District, Donald James and Leslie Boritz respectfully request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action and for all other and further relief as the Court may deem just, equitable and proper.

Dated: Melville, New York
May 31, 2019

Respectfully submitted,

LAMB & BARNOSKY, LLP

By: _____
Scott M. Karson
Matthew J. Mehnert
Joshua S. Sprague
Attorneys for Defendants
Commack Union Free School District, Donald James and Leslie Boritz
534 Broadhollow Road, Ste. 210
P.O. Box 9034
Melville, New York 11747-9034
(631) 694-2300

To: Peter A. Romero, Esq.
Law Office of Peter A. Romero PLLC
Attorneys for Plaintiff
825 Veterans Highway, Suite B
Hauppauge, New York 11788
(631) 257-5588