

**LAMB & BARNOSKY, LLP**
ATTORNEYS AT LAW

534 BROADHOLLOW ROAD, SUITE 210
PO BOX 9034
MELVILLE, NY 11747-9034
(631) 694.2300 • FAX: (631) 694.2309

SERVICE BY FAX, EMAIL OR OTHER FORMS OF
ELECTRONIC COMMUNICATION NOT ACCEPTED

MATTHEW J. MEHNERT
PARTNER

DIRECT DIAL: (631) 414.5856
DIRECT FAX: (631) 454.3867
MJM@LAMBBARNOSKY.COM

March 16, 2020

**By ECF**
Hon. Rosylnn R. Mauskopf, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: **Bryan v. Commack UFSD, et al.**
      **Docket No.: 18-cv-07249 (RRM)(PK)**

Dear Judge Mauskopf,

  This office is counsel to Defendants Commack Union Free School District (the "District"), Donald James and Leslie Boritz (collectively, "the Defendants") in the above-entitled action. This letter is submitted in response to Plaintiff's March 8, 2020 letter seeking a pre-motion conference for the purpose of asking the Court's permission to move to amend the amended complaint to add a retaliation claim, and a new party as to that claim. Defendants respectfully assert that the Court should not grant permission to file said motion because the proposed amendment would be futile and, therefore, a waste of the Court and the parties' time and resources.

  Plaintiff commenced this action in December 2018. She then filed an amended complaint in May 2019, in which she removed numerous factual allegations and claims. In the amended complaint, Plaintiff alleges that she has been subject to a hostile work environment because of her race. She remains, however, employed in her tenured position as an English teacher at Commack High School. Although Plaintiff alleges that her work performance has been exemplary during her career, the evidence is that Plaintiff has been counseled several times about her improper interactions with her students. In addition, Ms. Boritz, the building principal, has testified that her own evaluation of Plaintiff's performance is that she is "below average."

  During the first week of the 2019-2020 school year, Plaintiff was the subject of a parental complaint after she accused a student of lying and spoke negatively about the student in front of the entire class. Plaintiff's email to the student's parent contains a factual inaccuracy that Plaintiff could have confirmed before sending the email, but elected not to.

LAMB & BARNOSKY, LLP

Hon. Roslynn R. Mauskopf, U.S.D.J.
March 16, 2020
Page 2

---

Plaintiff had previously been counseled in April 2019 (a counseling memo about which she does not complain) about keeping her interactions with students framed positively and to avoid making negative remarks about students in the presence of other students.[1] Given the prior counseling and the fact that Plaintiff had lied to a parent, English Department Director Charles Schulz, who Plaintiff seeks to add as a party, met with Plaintiff to review the incident and provide further direction about Plaintiff's interactions with students. Following the meeting, on September 19, 2019, Plaintiff was issued a counseling memo summarizing the meeting and directing that she speak with students privately and not make negative examples of students.

Plaintiff filed a notice of claim in December 2019, although no notice of claim was required as a matter of law. The District did, however, request and Plaintiff voluntarily appeared for, an examination pursuant to General Municipal Law § 50-h and Education Law § 3813, which took place on February 25, 2020. Discovery in this case closed on March 13, 2020 and is to be certified as completed on March 27, 2020.

Generally, motions to amend should be granted absent evidence of undue delay, bad faith, undue prejudice or futility. *See Sank v. City Univ. of New York*, 2003 WL 1807142, at *9 (S.D.N.Y. Apr. 7, 2003). Plaintiff's motion to amend must be denied because there is evidence of bad faith as well as futility. Plaintiff's request to file was made on the eve of the close of discovery in this case. Plaintiff has known of the purported act of retaliation since September 2019, yet waited until now to make the instant application. Even if Plaintiff thought, erroneously, that a notice of claim was required to raise a federal retaliation claim, her § 50-h examination was completed in February 2020. She could have filed this letter at any point thereafter. Plaintiff's tactic can only be seen as a dilatory tactic designed to prolong discovery in this case, particularly in light of the fact that the new cause of action is totally devoid of legal or factual merit and is, quite frankly, frivolous.

Plaintiff asserts that the counseling memo that she received is a "written reprimand." No matter how Plaintiff characterizes the memo, however, it is nothing more than a counseling memo that does not, as a matter of well-settled law, rise to the level of an adverse employment action sufficient to support a retaliation claim. As the courts have repeatedly held, criticism of an employee is not an adverse employment action. *See Tepperwien v. Energy Nuclear Operations*, 663 F.3d 556, 570 (2d Cir. 2011); *Hussey v. New York State Dep't of Law/Office of Attorney General*, 933 F. Supp. 2d 399, 410 (E.D.N.Y. 2013). Where, as here, a plaintiff is unable to establish the existence of an adverse employment action, a motion to amend to add a retaliation claim must be denied as futile. *See Stoner v. New York City Ballet Co.*, 2002 WL 523270, at *14 (S.D.N.Y. Apr. 8, 2002).

Plaintiff cites several cases which she claims support the proposition that a counseling memo can constitute an adverse employment action. Those cases are readily distinguishable, and only further highlight the futility of Plaintiff's proposed amendment. *Burlington Northern & Santa Fe Railroad Co. v. White*, 548 U.S. 53 (2006), and its progeny support a finding of an

---

[1] This followed a June 2015 memo summarizing a meeting in which administrators addressed with Plaintiff several student and parent complaints about Plaintiff's treatment of, and interaction with, her students.

adverse action where the employee receives a "formal reprimand" that reduce the employee's likelihood for future advancement, raises, bonuses and can reasonably be interpreted to threaten job security. *See Milleas v. Metro-North R.R. Co.*, 658 F.3d 154, 165 (2d Cir. 2011). In addition, in each of the cases relied upon by Plaintiff, the letters at issue that were placed in employee files contain an explicit warning that additional incidents would culminate in further discipline or constituted the first time that the employee received any form of potential discipline.

Here, Plaintiff is a tenured teacher. She cannot be issued a formal reprimand, suspended or terminated without first receiving the procedural protections of Education Law § 3020-a. By Plaintiff's own admission, that has never happened. She cannot, therefore, plausibly argue that she fears for her job security. In addition, raises are governed by contract and not subject to District discretion. There are no bonuses and Plaintiff has not actually applied for any promotions so as to be considered. In addition, Plaintiff has two other similar counseling memos in her file concerning her improper interaction with students, neither of which ever resulted in formal discipline in the form of disciplinary charges. Moreover, the counseling memo at issue here contains no warning of future discipline. It contains nothing more than a direction for Plaintiff to guide her future conduct. There is simply no basis for Plaintiff to plausibly assert that this counseling memo is a "formal reprimand" as she repeatedly alleges. This specious characterization does not change what the memo is nor its legal significance. As a counseling memo, it is not by law an adverse employment action. Consequently, Plaintiff cannot state a claim for retaliation, making her proposed amendment futile.

It should also be noted that Plaintiff refers to conversations had with the undersigned regarding this claim. While Plaintiff cannot establish an adverse employment action, this is not the only basis for defending this claim, but it is dispositive, as I have repeatedly told Plaintiff's counsel. In fact, Plaintiff's counsel acknowledged during our first conversation of this claim that the counseling memo was not materially adverse. Given the facts and the law, the Defendants have advised Plaintiff's counsel of their intent to file an appropriate motion pursuant to Fed. R. Civ. P. 11 in the event that Plaintiff continues down this dilatory and frivolous path.

As a result, and because Plaintiff's application will necessarily prolong discovery in this case and require an 11th hour addition of a new party, Defendants request that a conference date be set (either in person or by telephone, at the Court's discretion) so that the Court and the parties may discuss the anticipated motion, but also any potential modifications necessary to the discovery schedule in the event that the motion is granted.

The Court's continuing attention to this matter is greatly appreciated.

Respectfully submitted,

Matthew J. Mehnert

cc:   Peter Romero, Esq. (via ECF)